UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD LABELLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:17-cv-150 |
| | § | JURY TRIAL DEMANDED |
| WINNIE COMMUNITY HOSPITAL, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Congress designed the Fair Labor Standard Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. § § 206(a) and 207(a).

2. Plaintiff Richard Labelle is an employee of Defendant Winnie Community Hospital, L.L.C. ("Defendant"). He is an hourly paid physician assistant.

3. Defendant knowingly, deliberately, and voluntarily failed to pay Plaintiff Labelle in accordance with the FLSA. Defendant accomplished this underpayment by paying Plaintiff a straight hourly rate regardless of the amount hours he worked each week.

4. Consequently, Defendant violated the FLSA by not paying Plaintiff—a non-exempt employee—overtime at the rate of one and one half times his regular rate of pay for all hours worked in excess of forty within a single week.

1

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the action giving rise to this claim occurred in this District, including many of the wrongs herein alleged. Plaintiff worked for Defendant in Winnie, Texas, which is in Chambers County, a county that is part of the Galveston Division of the Southern District of Texas.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Richard Labelle is an individual who resides in Jefferson County, Texas. His written consent form to this action is attached hereto as Exhibit "A."

8. Defendant Winnie Community Hospital LLC is a domestic limited liability company. Defendant may be served process through its registered agent Muhammad Javed at 2710 S. 11th Street Beaumont, Texas 77701 or wherever he may be found.

## FLSA COVERAGE

9. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(B) because Defendant is engaged in the operation of a hospital.

12. Plaintiff is a non-exempt employee under the FLSA.

## SUMMARY OF FLSA VIOLATIONS AND RELEVANT FACTS

13. At various times from October 2008 to the present, Plaintiff Labelle has worked at Winnie Community Hospital LLC, which also operates under the assumed name Riceland Medical Center.

14. Plaintiff was employed as a physician assistant for the duration of his employment.

15. Throughout the tenure of his employment, Plaintiff was paid on an hourly basis. No part of his wages was based on a salary. Accordingly, his wages were wholly dependent upon how many hours he worked a week.

16. His work schedule frequently required him to work at least 20 to 44 hours of overtime a week.

17. When his hours exceeded 40 per week, he only received his base hourly pay. He did not receive a penny of premium pay for overtime hours as required by the FLSA.

18. The FLSA provides that a covered employee shall receive compensation at one and one half times his regular rate of pay for every hour over 40 in a week but not if he is "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

19. The applicable regulation here governing exempt professional employees, 29 C.F.R. § 541.300, establishes a conjunctive test for an exemption from overtime—an employee must be paid on a salary or fee basis **and** meet the duty test.

20. 29 C.F.R. § 541.301(4) provides that generally a physician assistant will satisfy the duty test of the professional exemption. However, by paying Plaintiff on an hourly basis, Defendant failed to compensate him on a "salary or fee basis."

21. Therefore, because he was paid hourly, Plaintiff falls outside the ambit of 29 C.F.R. § 541.300 and he is owed overtime for each hour above 40 he worked each week.

22. Furthermore, Plaintiff does not engage in the practice of medicine as that term is understood in 29 C.F.R. § 541.304. As a physician assistant, any work Plaintiff did for Defendant was performed under the direct supervision of a physician and his main function was to serve and provide support to the medical profession.

23. Defendant knew or should have known that its policies and practices violate the FLSA. Plaintiff is not even arguably exempt from receiving overtime. The Fifth Circuit clearly ruled in 2006 that hourly-paid physician assistants are not exempt from overtime. *See Belt v. Emcare, Inc.*, 444 F.3d 403 (5th Cir. 2006). As such, Defendant's failure to pay overtime is willful as that term is understood within the meaning of the FLSA.

24. None of the other exemptions in the FLSA or its implementing regulations are applicable to Plaintiff.

## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. § 207(A)(1)

25. Plaintiff incorporates the proceeding paragraphs by reference.

26. Defendant engaged in a general practice of failing to pay overtime compensation to Plaintiff and this failure to compensate violates the overtime requirements of the FLSA, 29 U.S.C. § 207(a)(1).

27. Defendant knew, had reason to know, or showed reckless disregard for whether its failure to pay overtime compensation to non-exempt employees, such as Plaintiff, for all hours worked in excess of 40 hours in a workweek violated the FLSA.

28. By reason of Defendant's failure to pay Plaintiff overtime as required by the FLSA, Plaintiff is entitled to recover all amounts owing under the FLSA, including all unpaid wages, liquidated damages in an amount equal to the unpaid overtime compensation, along with reasonable attorneys' fees and costs of this action, as provided in 29 U.S.C. § 216(b).

**JURY DEMAND**

29. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff** respectfully prays that judgment be entered in favor of Plaintiff against Defendant awarding him:

A. All unpaid overtime compensation and an additional equal amount as liquidated damages;

B. Reasonable attorneys' fees and costs of this action; and

C. Such other and further relief as may be appropriate, at law or in equity.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813